IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BILLY TYLER, ) | |
| ) | |
| Petitioner, ) | 4:04cv3391 |
| ) | |
| vs. ) | MEMORANDUM AND ORDER |
| ) | |
| ROBERT HOUSTON[1], ) | |
| ) | |
| Respondent. ) | |

This matter is before the court on filing no. 18, the Motion for Summary Judgment filed by the respondent, Robert Houston; and filing no. 20, the Motion for Default Judgment filed by the petitioner, Billy Tyler. The petitioner alleges violation of his civil rights in connection with a conviction in the County Court of Douglas County, Nebraska, arising out of a traffic stop.

The records provided by the respondent indicate that in late 2003, the County Court of Douglas County imposed a fine, plus court costs, for a total of $191.50, as the sentence for the petitioner's misdemeanor offenses of disorderly conduct and obstructing administration of law. The offenses occurred during the period of the petitioner's temporary release from State custody on bond while he was serving a term of imprisonment for drug convictions. The petitioner could not pay the $191.50, and apparently, one or more warrant(s) for his arrest issued. It is not clear to the court that the petitioner ever served any time in jail for nonpayment of the $191.50 fine. However, by November 9, 2004, the petitioner returned to State custody, where he remains at this time, to resume serving his

---

[1] The court sua sponte substitutes Robert Houston, Director of the Nebraska Department of Correctional Services, as the respondent in this case.

sentence of imprisonment on the drug convictions.

Under Article I, § 20-1 of the Omaha Municipal Code, "[a] person committed for nonpayment of fines and costs shall be given credit on such fines and costs for time served at the rate prescribed by state law...." The applicable state law, Neb. Rev. Stat. § 29-2412, provides:

> Fine and costs; nonpayment; commutation upon confinement; credit; amount.
>
> Whenever it is made satisfactorily to appear to the district court, or to the county judge of the proper county, after all legal means have been exhausted, that any person who is subject to being or is confined in jail for any fine or costs of prosecution for any criminal offense has no estate with which to pay such fine or costs, it shall be the duty of such court or judge, on his or her own motion or upon the motion of the person so confined, to discharge such person from further imprisonment for such fine or costs, which discharge shall operate as a complete release of such fine or costs. Nothing in this section shall authorize any person to be discharged from imprisonment before the expiration of the time for which he or she may be sentenced to be imprisoned, as part of his or her punishment, or when such person shall default on a payment due pursuant to an installment agreement arranged by the court. Any person held in custody for nonpayment of a fine or costs or for default on an installment shall be entitled to a credit on the fine, costs, or installment of sixty dollars for each day so held. In no case shall a person held in custody for nonpayment of a fine or costs be held in such custody for more days than the maximum number to which he or she could have been sentenced if the penalty set by law includes the possibility of confinement.

Whether the petitioner is presently receiving the $60-per-day credit on his fine by virtue of his time in State custody, or whether such credit will not be earned until the petitioner is in the custody of Douglas County, or whether the petitioner "has no estate with which to pay such fine or costs ... [and will be entitled] to discharge ... from further imprisonment for such fine or costs," within the meaning of Neb. Rev. Stat. § 29-2412, is not clear to the court. The respondent maintains that the petitioner is not presently in State custody serving any prison time for the challenged sentence.

2

28 U.S.C. § 2254 applies only to persons "in custody." See 28 U.S.C. § 2254(a): "The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person **in custody** pursuant to the judgment of a State court only on the ground that he is **in custody** in violation of the Constitution or laws or treaties of the United States." (Emphasis added.) However, Rule 1(a)(2) of the *Rules Governing Section 2254 Cases in the United States District Courts,* as amended effective December 1, 2004 ("*§ 2254 Rules*"), considers future custody sufficient to confer standing on a § 2254 petitioner. Rule 1(a) states:

> Cases Involving a Petition under 28 U.S.C. § 2254. These rules govern a petition for a writ of habeas corpus filed in a United States district court under 28 U.S.C. § 2254 by:
>
> (1) a person in custody under a state-court judgment who seeks a determination that the custody violates the Constitution, laws, or treaties of the United States; [or]
>
> (2) a person in custody under a state-court or federal-court judgment who seeks a determination that **future custody** under a state-court judgment would violate the Constitution, laws, or treaties of the United States.

(Emphasis added.) Rule 2(b) of the *§ 2254 Rules* explains how the § 2254 petition should be captioned in a case involving future custody:

> Future Custody; Naming the Respondents and Specifying the Judgment. If the petitioner is not yet in custody--**but may be subject to future custody**--under the state-court judgment being contested, **the petition must name as respondents both the officer who has current custody and the attorney general of the state where the judgment was entered.** The petition must ask for relief from the state-court judgment being contested.

(Emphasis added.) With the court's substitution of Robert Houston as the respondent in this action, and with the Nebraska Attorney General identified as an interested party from the inception of this case, it appears that the § 2254 petition is in compliance with Rule 2(b)

3

of the *§ 2254 Rules*.

The respondent may be able to clarify the status of the petitioner's fine or may be able to present additional defenses related to the issue of custody. However, in filing no. 18, the respondent has not established a basis for dismissal of this case.

IT IS THEREFORE ORDERED:

1. That filing no. 18, the Motion for Summary Judgment filed by the respondent, Robert Houston, is denied;

2. That the respondent shall have until May 18, 2005 to answer the Amended Petition; and

3. That filing no. 20, the Motion for Default Judgment filed by the petitioner, Billy Tyler, is denied; the respondent's Motion for Summary Judgment was filed on March 28, 2005.

DATED this 19th day of April, 2005.

BY THE COURT:

s/ Richard G. Kopf
United States District Judge