IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BILLY TYLER, ) | |
| ) | |
| Petitioner, ) | 4:04cv3391 |
| ) | |
| vs. ) | MEMORANDUM AND ORDER |
| ) | |
| ROBERT HOUSTON, ) | |
| ) | |
| Respondent. ) | |

This matter is before the court on filing no. 32, the Motion for Reconsideration filed by the petitioner, Billy Tyler, who seeks reconsideration of filing no. 30, the Memorandum and Order denying Mr. Tyler's Motion for Summary Judgment. Also before the court are: filing no. 33, the petitioner's Motion for copy of the case file; filing no. 34, the petitioner's Motion to hold the Clerk's office in contempt; filing no. 35, the petitioner's Motion for protection from outstanding warrant; filing no. 36, the petitioner's Motion for Immediate Disposition; and filing no. 37, the petitioner's appeal of inaction.

All of the petitioner's motions are denied. Filing no. 32, the Motion for Reconsideration, is denied as the petitioner has not presented any facts, arguments or controlling decisions which were previously overlooked by the court and which might have materially influenced the court's decision. Filing no. 33, the Motion for copy of the case file, and filing no. 34, the Motion to hold the Clerk's office in contempt, are denied as moot. The docket sheet for this case indicates that the requested documents were sent to the petitioner on July 7, 2005.

Filing no. 35, the petitioner's Motion for protection from outstanding warrant; filing no. 36, the petitioner's Motion for Immediate Disposition; and filing no. 37, the petitioner's

appeal of inaction, are denied because they do not relate to the conviction under collateral attack in this habeas corpus action. In his Amended Petition for Writ of Habeas Corpus, the petitioner alleges violations of his civil rights in connection with a conviction in the District Court of Douglas County, Nebraska, arising out of a traffic stop. The petitioner states that Omaha police officers lacked probable cause to stop the vehicle in which the petitioner was a passenger.

However, the petitioner's immediate concern expressed in his pending motions relates to his claim that he is being held beyond the expiration of his 10-year sentence imposed on February 9, 1996. That sentence was reduced at the outset by 80 days of credit for pretrial detention and for some amount of good time. Presently, the state courts are determining whether the petitioner's 10-year sentence continued to run during the 1 year, 3 months and 27 days the petitioner was released on bail pursuant to a state court writ of habeas corpus.[1] However, that sentence had nothing to do with the conviction under attack in the above-entitled case.

Thus, filing nos. 32, 33, 34, 35, 36 and 37 are denied.

SO ORDERED.

December 6, 2005.                    BY THE COURT:

                                     s/ *Richard G. Kopf*
                                     United States District Judge

---

[1] See <u>Tyler v. Nebraska Dept. of Correctional Services</u>, 701 N.W.2d 847 (Neb. App. 2005).